*353 The opinion of the Court was delivered by
"WaRDLAW, Oh.
The reasoning of the Commissioner adopted by the Chancellor, is satisfactory to this Court, and few observations will be added.
The first ground of appeal assumes that the act of the trustee in permitting the slaves to be removed temporarily from the State, is such a violation of the rules of equity, and breach of trust as to make him liable for the loss of the slaves. The trustee living near the line which divides North Carolina and South Carolina, hired the slaves for a year to a company which owned a railroad running through parts of both these States, and although it does not distinctly appear that he hired them with a view to their employment for the term without this State, it may be conceded that he contemplated the probability of their being so employed at least occasionally. The procedure of the Court discourages the permanent amotion of trust funds beyond its custody and control, especially if it created the trust or appointed the trustee; but the reason of the rule is inapplicable to a temporary bailment, where security for the fulfilment of the contract is retained within the jurisdiction. It would hardly be pretended that an executor or administrator, who is legal owner under trust, became insurer against all risks of the life of a slave that he hired to a planter to be employed as a wagoner in transporting crops to a market beyond the State. A trustee cannot be regarded as unfaithful to his duty in such case, if he has adequate security here that the bailee will perform the duties on his part, and if the slave be exposed to no extraordinary peril from the policy and sentiments of the foreign State, or from the nature of the employment.
It is stated, however, in the second ground of appeal, that work on a railroad is extra hazardous to the laborers, and that a trustee becomes responsible for the loss of slaves under his charge, exposed with his assent to such hazard. Possibly *354 the situation of hands worked about the steam engines may be extra hazardous, but the employment of the slaves in question as track hands to remove obstructions from the road, clear out ditches &c., is little, if at all, more dangerous than that of laborers in any field through which the road runs, and their treatment likely to be better. Unfortunately in this instance the slaves happened to be killed, but this sad result was owing probably to their own wilful incautiousness, and not naturally connected with any act of the trustee. Slaves are not only chattels, but headstrong and improvident persons, who sometimes by their recklessness defeat the highest degree of care on the part of those who superintend them. Mihell vs. Mihell, 5 Rich. Eq. 226. The administrator here has managed the estate entrusted to him as a prudent man might manage his own, and to measure his responsibility by a stricter rule would tend to deter the fittest men from assuming the necessary, but often thankless and unprofitable, office of trustees.
It is ordered and decreed, that the appeal be dismissed.
Johnston, Dnnkin, and Daegan, 00., concurred.

Motion dismissed.